# EXHIBIT A

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re ST. PAUL TRAVELERS SECURITIES LITIGATION** ) ) ) | Master File No. 04-CV-3801-JRT-FLN |
| ) ) | **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| This Document Relates To: ) ) | |
| ALL ACTIONS ) ) | |

WHEREAS, a consolidated class action is pending before the Court entitled ***In re St. Paul Travelers Securities Litigation***, Master File No. 04-CV-3801 JRT/FLN (the "Action");

WHEREAS, the Court has received the Stipulation of Settlement dated as of November 22, 2005 (the "Stipulation"), that has been entered into by counsel on behalf of Lead Plaintiff and Defendants (as those terms are defined in the Stipulation), and the Court has reviewed the Stipulation and its attached exhibits; and

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement, in accordance with the Stipulation, which, together with the exhibits annexed thereto sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement as fair, reasonable and adequate as to the Settlement Class Members, subject to further consideration at the Final Fairness Hearing described below.

2. A hearing (the "Final Fairness Hearing") shall be held before this Court on December 27, 2005, at 1:30 p.m., before the Honorable John R. Tunheim, United States District Judge, at the United States District Courthouse, for the District of Minnesota, 300 South Fourth Street, Minnesota, 55415, to determine: (1) whether the proposed Settlement of the Action for the sum of Sixty seven million five hundred thousand dollars ($67,500,000) in cash (the "Settlement Fund") should be approved by the Court as fair, reasonable and adequate; (2) whether the Action should be dismissed with prejudice; (3) whether the Plan of Allocation of the Settlement Fund is fair and reasonable; (4) whether the Settlement Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure; and (5) whether the application of plaintiffs' counsel for attorneys' fees and reimbursement of out of pocket expenses, and the application of Lead Plaintiff for reimbursement of its out of pocket expenses, should be approved. The Court may adjourn the Final Fairness Hearing without further notice to Members of the Settlement Class.

3. The Court further reserves the right to enter a Final Order and Judgment approving the Settlement and dismissing the Action on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses, or Lead Plaintiff's expenses.

4. Pursuant to Rule 23 of the Federal Rules of Civil procedure, the Court preliminarily certifies, only for purposes of effectuating the Settlement, a Settlement Class consisting of all Persons who: (1) purchased St. Paul common stock from the period of November 17, 2003 through April 1, 2004; (2) all former holders of Travelers' Class A and B common stock who exchanged their Travelers shares for St. Paul shares in the Merger and their successors in interest; and (3) all purchasers of STA

stock from April 2, 2004, until and including August 5, 2004. Excluded from the Settlement Class are the Defendants and their Related Parties, and those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency. The certification of the Settlement Class shall be binding only with respect to the Settlement.

5. With respect to the Settlement Class, this Court finds for purposes of effectuating the Settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

6. The Court approves, as to the form and content, the Notice of Pendency, the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner set forth in ¶¶7-8 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. The Court appoints The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Settlement Class, and not later than November 28, 2005 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibit A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b) Not later than December 5, 2005, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*; and

(c) At least seven (7) calendar days prior to the Final Fairness Hearing, Lead Counsel should cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Nominees who (1) purchased St. Paul common stock from the period of November 17, 2003 through April 1, 2004; (2) who hold stock for former holders of Travelers' Class A and B common stock who exchanged their Travelers' shares for STA shares in the Merger and their successors in interest; or (3) who purchased STA stock from April 2, 2004, until and including August 5, 2004, shall send the Notice and Proof of Claim to all beneficial owners of such St. Paul/STA publicly traded securities within five (5) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within five (5) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

10. Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than thirty (30) days from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

11. Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.

12. Any member of the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13. Any Member of the Settlement Class may appear and show cause if he, she or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should not should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, why expenses should not be awarded to Lead Plaintiff; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses

to be awarded to Lead Counsel, or expenses to Lead Plaintiff, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before December 22, 2005 by: Lynda J. Grant, Labaton Sucharow and Rudoff LLP, 100 Park Avenue, 12th Floor, New York, NY 10017-5563; and Paul C. Curnin, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017-3954, and filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Minnesota, on or before December 22, 2005. Any member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorney's fees and expenses to Lead Counsel, and expenses to Lead Plaintiff, unless otherwise ordered by the Court.

14. The Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such Settlement Fund shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. All papers in support of the Settlement, the Plan of Allocation and any application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served three (3) days prior to the Final Fairness Hearing.

16. Neither Defendants nor their Related Persons shall have any responsibility for or liability with respect to the Plan of Allocation or any application for Attorney's fees or reimbursement of expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

17. At or after the Final Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

18. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice and Administration Fund.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

20. The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: November 25, 2005                              s/John R. Tunheim
                                                       THE HONORABLE JOHN R. TUNHEIM
                                                       UNITED STATES DISTRICT JUDGE