AO450 (Rev. 5/85)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

In Re: St. Paul Travelers Securities Litigation

V.

**JUDGMENT IN A CIVIL CASE**

Case Number:  04-3801  JRT/FLN

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation and the Supplemental Stipulation, which further defines paragraph 1.18 of the Stipulation. Otherwise, all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. Lead Counsel is ordered to file in the docket of this case a list of all those Persons who have requested exclusion from the Class, and such exclusion is hereby granted. The filed list shall contain only names and home cities. No addresses, telephone numbers or social security numbers should be filed. Instead, lead counsel is ordered to maintain a nonfiled list that contains any additional information about persons who have requested exclusion from the class, in case that information is needed at a future time. Except as to any
individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other members of the Settlement Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of the Lead Plaintiff, the Settlement Class and each of the Settlement Class members. This Court further finds the Settlement set forth in the Stipulation and Supplemental Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Settlement Class members and Defendants. Accordingly, the Settlement memorialized in the Stipulation and Supplemental Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provi sions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, only for purposes of effectuating this Settlement, a Settlement Class consisting of:
   (1) all purchasers of St. Paul common stock from the period of November 17, 2003 through

April 1, 2004; (2) all former holders of Travelers Class A and B common stock who either cast a vote for the Merger and/or exchanged their Travelers shares for St. Paul shares in the Merger, and their successors in interest; and (3) all purchasers of STA stock from April 2, 2004, until and including August 5, 2004. Excluded from the Settlement Class are Defendants and their Related Parties, as defined in the Stipulation, and as supplemented by the Supplemental Stipulation. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency. The certification of the Settlement Class shall be binding only with respect to the Settlement.

6. With respect to the Settlement Class, this Court finds for the purposes of effectuating this Settlement that (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

7. Upon the Effective Date, the Lead Plaintiff and each of the Settlement Class members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class member executes and delivers a Proof of Claim and Release form with prejudice
.
8. All Settlement Class members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

9. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class members and their counsel from all claims (including unknown claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

10. Upon the Effective Date of the Settlement, all claims for contribution arising out of the Action are barred: (a) by any Person against the Released Persons; and (b) by the Released Persons against any Person other than a Person whose liability to Settlement Class members has been extinguished pursuant to this Stipulation as suppleme nted by the Supplemental Stipulation or the Final Order and Judgment. Notwithstanding the foregoing, no Released Person shall be barred from bringing an action against his or her or its insurer.

11. The distribution of the Notice of Pendency and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation and Supplemental Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

12. Any plan of allocation submitted by Lead Counsel or any order entered regarding the Joint Petition for

Award of Attorneys' Fees and Reimbursement Out-Of- Pocket Expenses shall in no way disturb or affect this Final Order and Judgment and shall be considered separate from this Final Order and Judgment.

13. Neither the Stipulation, the Supplemental Stipulation, nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance thereof: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any
court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining the Joint Petition for Award of Attorneys' Fees and Reimbursement Out-Of-Pocket Expenses; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation, Supplemental Stipulation and Settlement.

15. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. Any reference to Individual Defendant Carolyn H. Byrd shall be deemed corrected to reflect the proper spelling.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

| December 29, 2005 | RICHARD D. SLETTEN, CLERK |
|---|---|
| Date | |
| | s/Amy Linner |
| | (By)    Amy Linner,   Deputy Clerk |