UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re ST. PAUL TRAVELERS SECURITIES LITIGATION** | Civil No. 04-3801 (JRT/FLN) |
| This Document Relates To: | **ORDER ON ATTORNEYS' FEES AND EXPENSES** |
| ALL ACTIONS | |

Thomas A. Dubbs and Lynda J. Grant, **LABATON SUCHAROW & RUDOFF LLP**, 100 Park Avenue, 12th Floor, New York, NY 10017, for lead plaintiff.

Michael J. Garvey and Paul C. Curnin, **SIMPSON THACHER & BARTLETT LLP**, 425 Lexington Avenue, New York, NY 10017-3954; Marisa A. Hesse, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498; for defendants.

This matter came before the Court on a motion for final approval of a class action settlement against defendant, the St. Paul Travelers Companies, Inc., and a joint petition for award of attorneys' fees and reimbursement of out-of-pocket expenses to Lead Plaintiff. In an Order dated December 28, 2005, the Court approved the settlement as fair and reasonable and in accordance with the requirements of due process and Federal Rule of Civil Procedure 23, but it took under consideration the motion for attorney fees and reimbursement of out-of-pocket expenses.

## ANALYSIS

Lead Counsel seeks a joint award of attorneys' fees of 15% of the $67,500,000 settlement fund, so fees would total $10,125,000.  The Eighth Circuit has approved the "percentage of the fund" methodology to evaluate attorneys' fees in common-fund settlements.  *Koenig v. United States Bank N.A. (In Re United States Bancorp Litig.)*, 291 F.3d 1035, 1038 (8th Cir. 2002).  This methodology rewards efficiency and provides plaintiffs' counsel with a strong incentive to effectuate the maximum possible recovery under the circumstances.

Based upon a review of cases and careful consideration of Lead Counsel's petition, the Court finds that an award of 15% of the settlement fund is reasonable.  The 15% award is a smaller percentage of the common fund than is usually awarded in the Eighth Circuit.  *See, e.g.*, *id.* (finding no abuse of discretion in the district court's awarding 36% to class counsel who obtained significant monetary relief on behalf of the class); *In re Employee Ben. Plans Secs. Litig.*, 1993 WL 330595, at *7 (D. Minn. June 2, 1993) (awarding 33.3% of the common fund).  Lead Counsel has considerable experience and ability and obtained a successful result for the class.  They took this case on a contingency fee basis and faced many risks in pursuing the litigation.  The lack of a substantial number of objections from class members on the issue of fees also provides support for the award.

Although not required, the Court will exercise its discretion and verify the reasonableness of the 15% award by cross-checking it against lodestar.  *See Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) (explaining that the lodestar approach is "sometimes warranted to double check the result of the 'percentage of the fund' method").

The aggregate lodestar totals $2,587,240. A multiplier of 3.9 results from awarding 15% of the $67,500,000 settlement fund as attorney fees. Courts in other securities class actions have approved attorney fees based on the percentage method that resulted in lodestar multipliers in excess of four. *In re Xcel Energy, Inc.*, 364 F. Supp. 2d 980, 999 (D. Minn. 2005) (summarizing cases).

The Court further finds that the litigation expenses of $228,032 and Lead Counsel's cost of giving notice to the Class, in the amount of $500,000, are reasonable expenses of the kind customarily charged to clients, and were necessarily incurred to obtain the settlement.

The Court, however, denies Lead Counsel's request for a portion of any interest earned on the settlement. All interest earned on the sums held in trust for the class are reserved to the class.

## ORDER

Based on a review of the file, extensive record and proceedings herein, **IT IS HEREBY ORDERED** that the motion for award of attorneys' fees and reimbursement of expenses [see Docket Nos. 88 and 92] is **GRANTED in part** and **DENIED in part** as follows:

1. Lead Counsel shall be awarded $10,125,000, which is 15% of the gross Settlement Fund,

2. Lead Counsel shall be reimbursed $228,032 from the Settlement Fund for litigation expenses,

      3.      Lead Counsel shall be reimbursed $500,000 for the cost of giving notice to the Settlement Class.

      4.      The motion is **DENIED** as to the interest requested.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:    April 25, 2006                            s/ John R. Tunheim
at Minneapolis, Minnesota.                             JOHN R. TUNHEIM
                                                               United States District Judge